UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JANETTE WAHL,<br><br>    Plaintiff,<br>v.<br><br>FMMR INVESTMENTS, INC. D/B/A RAPID CASH,<br><br>    Defendant. | Civil Action No.: \_\_\_\_\_<br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, JANETTE WAHL, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq.* ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

1. Defendants have through their conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

2. Defendant RAPID CASH is a "licensee" as that term is defined by NRS 604A.

3. NRS 604A.415 incorporates the Fair Debt Collection Practices Act

(FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

4. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

6. The Plaintiff, JANETTE WAHL ("Plaintiff"), is an adult individual residing in Las Vegas, Nevada.

7. Defendant FMMR INVESTMENTS, INC. doing business as (D/B/A) RAPID CASH ("RAPID CASH"), is doing business in the State of Nevada.

8. RAPID CASH at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

9. Plaintiff allegedly incurred a financial obligation (the "Debt") to Rapid Cash (the "Creditor").

10. The Debt was a "high-interest loan" as defined by NRS 604A.0703.

11. NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect the debt owed to the licensee only in a professional, fair

and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

12. As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

## FACTS

13. In its attempt to collect the Debt, and in violation of 15 U.S.C. § 1692c(a)(2), RAPID CASH communicated directly with Plaintiff on multiple occasions after she informed RAPID CASH that she was represented by an attorney and intended to file bankruptcy.

14. The Plaintiff has suffered and continues to suffer actual damages as a result of RAPID CASH's unlawful conduct.

15. Further, Plaintiff alleges that Defendants actions at all times herein were "willful."

**B. Respondeat Superior Liability**

16. The acts and omissions of RAPID CASH, and the other debt collectors employed as agents by RAPID CASH who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant RAPID CASH.

17. The acts and omissions by RAPID CASH and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by RAPID CASH in collecting consumer debts.

18. By committing these acts and omissions against Plaintiff, RAPID CASH and these other debt collectors were motivated to benefit their principal, Defendant RAPID CASH.

19. RAPID CASH is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA
## AS INCORPORATED THROUGH NRS 604A.415

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

22. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendant contacted the Plaintiff after it knew Plaintiff was represented by an

attorney.

23. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

24. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendants' violations.

26. The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

## COUNT I.

## VIOLATIONS OF THE FDCPA

5

## <u>AS INCORPORATED THROUGH<br>NRS 604A.415</u>

1. for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

6. any other legal or equitable relief that the court deems appropriate.

…

…

…

…

…

…

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 9, 2013

        Respectfully submitted,

        By /s/David H. Krieger, Esq.
        _____

        David H. Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 130
        Henderson, Nevada 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com

        Attorney for Plaintiff
        *JANETTE WAHL*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEVADA      )
                     ) ss
COUNTY OF CLARK      )

Plaintiff JANETTE WAHL, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
JANETTE WAHL, Plaintiff